# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| V. | § | 5:13-CR-26(01) |
| | § | |
| ROBERT WILLIAM CLARK | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, the above-entitled and numbered criminal action was referred to the Honorable Caroline M. Craven for consideration of the Addendum to Plea Agreement.

On January 22, 2014, Craig Henry was appointed to represent Robert Clark ("Defendant") in cause number 5:13-cr-26. On April 7, 2014, the Court held a change of plea hearing wherein Defendant entered a guilty plea, after having signed a plea agreement. The Plea Agreement provides the following minimum and maximum penalties the Court can impose:

    a. imprisonment for a period not less than 10 years, and not to exceed life imprisonment;

    b. a fine not to exceed $10,000,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of not less than 5 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

    d. a mandatory special assessment of $100, which must be paid by cashier's check or money order to the United States District Clerk;

    e. forfeiture of property involved or traceable to the criminal offense;

    f. restitution to victims or to the community; and

  g. costs of incarceration and supervision.

(Docket Entry # 35 at pg. 2).

  After conducting a hearing, the undersigned recommended the District Court accept the Plea Agreement and the Guilty Plea of Defendant, which the District Court adopted April 9, 2014. On July 17, the Court cancelled the August 6 sentencing setting, noting sentencing would be rescheduled pending notification from the Court.

  In an *ex parte* letter dated August 5, 2014 and filed with the Court August 6, 2014, Defendant filed a complaint against his court appointed counsel, asserting counsel had been ineffective and had provided false information to Defendant regarding his case. For these reasons and others set out in his letter, Defendant requested new counsel be appointed. While the letter did not explicitly ask that Defendant be allowed to withdraw his guilty plea, the Court treated the letter as seeking that relief as well, as there were statements made in the letter regarding Defendant's decision to plead guilty.

  On September 3, the Court held a hearing on Defendant's motion. Defendant expressed on the record the reasons for his dissatisfaction with Mr. Henry. Mr. Henry stated he did not oppose Defendant's request for new counsel. The Court found good cause to substitute counsel and appointed Wayne Dickey of the Office of the Federal Public Defender for the Eastern District of Texas to represent Defendant in the above-referenced matter. The Court denied Defendant's motion to withdraw his guilty plea without prejudice to refiling, after Defendant had an opportunity to consult with his new counsel.

  Defendant, his new counsel, and the Government subsequently agreed to an Addendum to Plea Agreement, wherein the parties reformed the plea agreement to be binding on the parties and the Court – should the Court choose to accept the terms of the plea agreement– pursuant to FED. R.

CRIM. P. 11(c)(1)(C). Defendant agreed to be bound by his guilty plea so long as the court sentences Defendant in accordance with the terms of the original Plea Agreement as modified by the addendum. The addendum replaces Paragraph 4 relating to "Court's Sentencing Discretion and Role of the Guidelines," and Paragraph 5 relating to "Guideline Stipulations" with the following: "Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C): The parties agree that the following sentence is appropriate in this case: 235 months imprisonment, 5 years supervised release, a $100 special assessment, and any restitution and fine the Court deems appropriate. The parties understand that the Court may decline to accept this agreement. If the Court does not accept the agreement, the defendant will be given the opportunity to withdraw from the plea."

The above amendment necessitates a further amendment to Paragraph 13 of the Plea Agreement related to "Waiver of Right to Appeal or Otherwise Challenge Sentence." The original Plea Agreement stated, in relevant part, that the defendant reserves the right to appeal "(a) any punishment imposed in excess of the statutory maximum. . . ." The parties, by the addendum, amend and reform the Plea Agreement and replace the above language with the following: "(a) the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement. . . ." The addendum further provides it is the intent of the parties that all provisions of the previously-entered Plea Agreement remain unchanged and given full force and effect.

After Defendant consented to the undersigned's recommendation whether the Addendum to Plea Agreement should be allowed, the Court held a hearing December 17, 2014. After considering the terms of the addendum as well as hearing arguments of counsel, the Court finds the Addendum to Plea Agreement reasonable and recommends it be accepted by the District Court.

Based on the foregoing, it is

**RECOMMENDED** that Addendum to Plea Agreement be **ACCEPTED**. It is further

**RECOMMENDED** that all other provisions of the previously-entered Plea Agreement remain unchanged and that they be given full force and effect.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections to the Report and Recommendation.

**SIGNED this 17th day of December, 2014.**

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE